**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE YOUNG CENTER FOR IMMIGRANT CHILDREN'S RIGHTS,<br>2245 S. Michigan Avenue, Suite 301<br>Chicago, IL 60616,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th Street, SW<br>Washington, DC 20536,<br><br>Defendant. | Civil Action No. ___________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeks to compel Defendant United States Immigration and Customs Enforcement (ICE) to produce documents that relate to the "Unaccompanied Alien Children Safety Verification Initiative"—announced by ICE in a November 14, 2025, press release—and to two Requests for Information issued by ICE related to that Initiative.

2. On December 15, 2025, Plaintiff The Young Center for Immigrant Children's Rights ("Young Center") requested such records pursuant to FOIA. ICE denied that request in its entirety. On April 29, 2026, following an administrative appeal, the request was remanded to ICE to conduct a new search. ICE has yet to produce any documents or even to provide a date by which documents will be produced. The Young Center is statutorily entitled to timely disclosure of these records and thus asks this Court to order their production.

## I

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA jurisdiction provision) and 28 U.S.C. § 1331 (federal question jurisdiction).

4. The District of Columbia is a proper venue. *See* 5 U.S.C. § 552(a)(4)(B).

## II

## PARTIES

5. Plaintiff the Young Center is a nonprofit organization that protects and advances the rights and best interests of immigrant children and youth.

6. The Young Center is appointed as Child Advocate by the Office of Refugee Resettlement (ORR) of the United States Department of Health and Human Services which is, among other things, responsible for the care and placement of immigrant children designated as "unaccompanied" by agents of the United States Department of Homeland Security (DHS). The Young Center is the only organization appointed by the federal government to serve as an independent Child Advocate for child trafficking victims and other vulnerable unaccompanied immigrant children in federal government custody, as authorized by the Trafficking Victims Protection Reauthorization Act. As Child Advocate, the Young Center identifies the best interests of children on all issues impacting the child, and advocates for those interests with federal agencies making decisions in their cases. A child's best interests are determined by considering not just their expressed wishes, but also the child's safety and rights to family integrity, liberty, development, and identity, whether or not those issues are expressed.

7. Defendant ICE is a component of the United States Department of Homeland Security (DHS). ICE is charged with addressing issues related to enforcement of immigration laws.

It is an agency of the United States government within the meaning of 5 U.S.C. § 552(f). On information and belief, ICE has possession of or control over the requested records.

## III

## FACTS

### A. The UAC Safety Verification Initiative

8. On November 14, 2025, ICE announced the creation of "an initiative with our state and local law enforcement 287(g) partners aimed at protecting the 450,000 unaccompanied children (UAC) illegally smuggled over the border and placed with unvetted sponsors under the Biden administration." *See* https://www.dhs.gov/news/2025/11/14/ice-and-state-local-law-enforcement-287g-partners-launch-initiative-protect (Nov. 14, 2025) (archived here on May 17, 2026). ICE dubbed this "new law enforcement partnership … as the UAC Safety Verification Initiative." *Id.* ICE further claimed that the "primary focus of this initiative is to conduct welfare checks on these children to ensure that they are safe and not being exploited." *Id.* (emphasis removed).

9. On December 8, 2025, ICE's Juvenile and Family Management Division issued a Request for Information (RFI) "to identify vendors capable of performing field safety verification services of unaccompanied alien children (UAC) released from the Office of Refugee Resettlement." ICE, Juvenile and Family Management Division, Request for Information re: Unaccompanied Alien Children (UAC) Safety Verification Initiative, Notice ID 26-SOL-DCR-02 (December 8, 2025).[1]

10. On November 4, 2025, ICE's Enforcement and Removal Operations issued an RFI regarding "establish[ing] and maintain[ing] a 287(g) National Call Center (NCC) … for the

[1] *See* https://sam.gov/workspace/contract/opp/0e11e2867498489d8230f3645726b14b/view.

purpose of supporting 287(g) partner encounters in the field, integrating and leveraging 287(g) resources focused on locating Unaccompanied Alien Children (UAC), and integrating 287(g) resources along with technology to reduce the Non-Detained Docket backlog." ICE, Enforcement and Removal Operations, Request for Information re: 287(g) Program National Call Center, Notice ID 26-SS-DCR-02 (Nov. 4, 2025).[2]

11. The Young Center, along with other advocates, is concerned that ICE is deploying programs such as the UAC Safety Verification Initiative—purportedly designed to promote the welfare of unaccompanied children—as a pretext for immigration enforcement actions targeting those children and their caregivers, parents, and other sponsors, thus traumatizing and harming the children whose wellness ICE is claiming to serve.[3]

**B. The Young Center's FOIA Request**

12. On December 15, 2025, pursuant to 5 U.S.C. § 552(a)(3), the Young Center submitted to ICE the FOIA request at issue in this case through the Secure Release Portal. The Young Center requested:

> Request No. 1: All records relating to the establishment of the Unaccompanied Alien Children (UAC) Safety Verification Initiative (the "Initiative"), including but not limited to all communications and correspondence between DHS and any other federal agency and/or any local or state law enforcement agency.
>
> Request No. 2: All policies, guidance, forms, and training materials relating to the implementation of the Initiative, including but not limited to all records describing the criteria by which UACs are to be identified for inclusion in the Initiative.

---

[2] *See* https://sam.gov/workspace/contract/opp/8787177db2ae492897540d79f07dfd3f/view.

[3] *See, e.g.*, Russell Payne, "ICE is recruiting cops to track down kids," Salon (April 10, 2026) (*available at* https://www.salon.com/2026/04/10/ice-is-recruiting-cops-to-track-down-kids/) (archived here on June 30, 2026); Miriam Jordan and Christina Jewitt, "Checks on Migrant Children by Homeland Security Agents Stir Fear," N.Y. Times (May 28, 2025) (copy on file with counsel).

> Request No. 3: All records and data relating to the implementation of the Initiative, including but not limited to documentation of "wellness checks" completed as part of the Initiative.
>
> Request No. 4: All Section 287(g) (8 U.S.C. § 1357(g)) agreements for state and local enforcement agencies involved in the Initiative.
>
> Request No. 5: All records constituting submissions in response to the attached RFIs.[4]

13. The Young Center requested a FOIA fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). The Young Center also requested expedited processing of the FOIA request.

14. On December 15, 2025, ICE acknowledged receipt of the Young Center's request and assigned it Case Number 2026-ICFO-08614.

15. FOIA requires agencies to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [a FOIA] request whether to comply with such [a] request[,] ... immediately notify the person making such request of such determination and the reasons therefor[,]" and provide information regarding the right to seek assistance from the FOIA Public Liaison and the right to appeal an adverse decision. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 6 C.F.R. § 5.5 (regarding timing of responses to requests to components of DHS). After a determination is made, the agency must "make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

16. An agency is permitted a 10-working-day extension if statutorily defined "unusual circumstances" apply and written notice is provided to the requester setting forth those unusual circumstances. 5 U.S.C. § 552(a)(6)(B); *see also* 6 C.F.R. § 5.5(c) (DHS regulation regarding application of the unusual circumstances exception).

[4] Attached to the Young Center's request were the RFIs described in paragraphs 9 and 10.

17. When a requester has made a request for expedited processing, the agency must determine whether to grant expedited processing within ten days of the request and must notify the requester as to the determination. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I); *see also* 6 C.F.R. § 5(e)(4) (DHS components shall respond to a request for expedited processing within ten days of receipt of the request to expedite).

18. On January 6, 2026, ICE emailed the Young Center a response to the FOIA request in which it stated that "the information you are seeking is not under the purview of ICE" and suggesting that the request should instead be made to the Office of Refugee Resettlement (ORR) in the Department of Health and Human Services.

19. Although the January 6 email response stated that "this action is not a denial of your request," it stated that it "is the final response" to the Request and no records were produced.

20. The Young Center attempted several times, by both email and telephone, to contact the ICE FOIA Public Liaison identified in the January 6 email but never received a response.

21. On April 2, 2026, the Young Center timely appealed ICE's January 6 denial of the FOIA request. The Young Center noted that "ICE's Response indicates that ICE failed to conduct any search for responsive documents" in violation of its obligations under FOIA. Further, the Young Center pointed out that "the assertion … that ICE does not have any records related to RFIs released by ICE and an initiative launched by ICE is unreasonable on its face. Likewise, directing Requestor to seek records solely from ORR is unreasonable, given that the Request seeks records related to documents published by ICE and an initiative launched by ICE, not ORR."

22. The Young Center's appeal was assigned Appeal Case Number 2026-ICAP-00282 by the ICE Office of the Principal Legal Advisor (OPLA).

23. On April 29, 2026, OPLA issued a decision on the Young Center's appeal, stating:

> Upon a complete review of the administrative record, ICE has determined that additional searches, or modifications to the existing searches, may be warranted. Accordingly, your appeal is hereby remanded to the ICE FOIA Office for further processing and for re-tasking to the appropriate offices to conduct a new or supplemental search for responsive documents. The ICE FOIA Office will respond to you directly regarding the results of this action.

Letter from Sara Jazayeri, Division Counsel, Government Information Law Division, OPLA to Gregory L. Smith, the Young Center (April 29, 2026).

24. Three weeks later, the Young Center received an email from the ICE FOIA office stating: "We have received your Freedom of Information Act request for Records related to the Appeal and have assigned it tracking number 2026-ICAP-00282. Please refer to the attached Acknowledgement Letter for more information." Email from ICE FOIA Office to Gregory Smith (May 20, 2026). The "Acknowledgement Letter" attached to the email was a copy of the April 29 appeal decision from the ICE OPLA.

25. On June 1, 2026, having received no other communication from ICE, the Young Center inquired of the ICE FOIA office via email as to when ICE intended to conduct the new or supplemental searches for responsive documents. Email from Gregory Smith to ICE FOIA Office (June 1, 2026).

26. On June 2, 2026, the ICE FOIA office responded, stating:

> [A] high number of FOIA/PA requests have been received by the Department resulting in a significant backlog. Accordingly, we have adopted the court-sanctioned practice of generally handling backlogged appeals on a first-in, first-out basis. While we will make every effort to process your appeal on a timely basis, there may be some delay in resolving this matter. … Your appeal is in process of searching for responsive documents.

Email from ICE FOIA Office to Gregory Smith (June 2, 2026).

27. Thus, ICE declined to provide any expected date for a response and suggested that the Young Center's request had been placed once more at the back of the queue following the Young Center's successful appeal of ICE's initial denial.

28. Since that June 2, 2026, email, the Young Center has received no further communications from ICE regarding the request and no documents have been produced.

29. The Young Center has exhausted its administrative remedies. The Young Center timely appealed ICE's initial denial of its request and prevailed on that appeal. On remand from the appeal, ICE has failed to comply with the applicable time limits. *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a [FOIA] request … shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

30. ICE was obligated to issue its determination on remand from the administrative appeal within the normal FOIA processing deadlines, i.e., within twenty working days. Even if ICE could invoke the 10-day extension available to the agency if it can demonstrate "unusual circumstances" (*see* 5 U.S.C. § 552(a)(6)(B))—which it has not done here—ICE was obligated to issue its determination on remand from the administrative appeal no later than 30 working days after the April 29, 2026, remand, i.e., by June 11, 2026.

31. As of the date of this Complaint, ICE has failed to issue its determination on remand or to produce any documents.

## IV

## CLAIM I: FAILURE TO PRODUCE DOCUMENTS IN VIOLATION OF FOIA

32. FOIA and its implementing regulations require ICE to issue its determination on the Young Center's request and produce responsive documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(3)(A); 6 C.F.R. § 5.4-5.6. ICE failed to do so.

33. ICE has violated FOIA and its implementing regulations by failing to issue a determination and produce the requested documents.

## V

## PRAYER FOR RELIEF

The Young Center hereby requests that the Court:

(1) Declare that ICE's failure to issue a timely determination and produce the records requested by the Young Center is unlawful;

(2) Order ICE to issue a prompt determination and produce the requested records to the Young Center;

(3) Award the Young Center reasonable attorneys' fees and other litigation costs reasonably incurred in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,
*s/ Nicholas Soares*

Nicholas Soares (DC Bar 1015662)
Aasha Shaik-Wilder (DC Bar 90029652)
TERRIS, PRAVLIK & MILLIAN, LLP
1701 K Street, NW, Suite 500
Washington, DC 20006-1525
(202) 682-2100
nsoares@tpmlaw.com
ashaik-wilder@tpmlaw.com

August 24, 2026

*Counsel for Plaintiff*